60  163
64  565
64  566
60  163
61e  264
61e  267

ZEBULON POLHEMUS, PLAINTIFF IN ERROR, v. REBECCA R. BATEMAN, EXECUTRIX, AND LUTHER BATEMAN, JR., DEFENDANTS IN ERROR.

1. The state may grant the exclusive use of its lands under water, but until such grant is made, the right to enter and fish upon it may be exercised by all the citizens of the state.

2. A deed by the riparian commissioners under the act of March 21st, 1871, can be made to the owner of the ripa only, and where the deed expressly declares that the grantee is owner of the ripa, and that it shall be void if he is not such owner, a citizen who is exercising the right of fishery upon the land granted, may, in a suit for trespass, challenge the fact that the grantee is owner of the ripa.

3. The deed in this case gave the grantee the right to fill in and otherwise improve the land under water, and to appropriate it to his own exclusive uses. *Held*, that until the grantee reclaimed the land, he acquired no exclusive right to it, except so far as might be necessary to enable him to make reclamation.

On error to the Supreme Court. The facts are fully stated in the opinion.

For the plaintiff in error, *Walter H. Bacon* and *David J. Pancoast.*

For the defendants in error, *Clement H. Sinnickson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought against Zebulon Polhemus, the defendant below, to recover damages for the breaking and entering of the close of the defendants in error, covered by the waters of Delaware bay, in the county of Cumberland.

The defendants in error claim title to the close under a deed made by the riparian commissioners of New Jersey to Luther Bateman, on the 26th day of June, 1886.

This deed recites that Luther Bateman is the owner of lands fronting on the Delaware bay, where the tide ebbs and flows, and so is riparian owner on tide-waters in this state, 'and is desirous of obtaining, pursuant to the act of March 21st, 1871, entitled a supplement to the Riparian act, a grant from the state of the lands under water which lie in front of his said lands, and conveys by metes and bounds to said Luther Bateman about seventy acres of land flowed by tide-water, " with the right, liberty, privilege and franchise to exclude the tide-water from so much of the lands above described as lie under tide-water, by filling in, or otherwise improving the same, and to appropriate the lands above described to his exclusive private uses."

The deed further expressly provides that if the said Luther Bateman is not the owner of the ripa, the deed and all the covenants therein on the part of the state shall be void.

On the trial below, the defendant offered to show that Luther Bateman was not the owner of the ripa.

The rejection of that evidence constitutes the first error relied upon for reversal.

It is well settled that officers entrusted with power of sale exercise a naked power, and no title passes unless the conditions exist upon which the exercise of the power depends. *Woodbridge* v. *Allen,* 14 *Vroom* 262, 270.

In this case there was not only an entire absence of the conditions upon which the riparian commissioners were authorized to make the grant, but there was also an express provision in the conveyance that it should be void if such conditions were non-existent.

In this case, the defendant below, in taking oysters upon the *locus in quo*, was in the exercise of a legal right which he had in common with all other citizens of the state, unless the plaintiffs had obtained a grant from the state which excluded the defendant from the premises. *Brown* v. *De Groff*, 21 *Vroom* 409.

The defendant could stand upon that common right until the plaintiffs below established a superior title.

The plaintiffs had no possession of the premises, and could therefore maintain their action only by showing a paper title.

In *Fitzgerald* v. *Faunce*, 17 *Vroom* 591, Mr. Justice Depue said: "A preliminary question is presented whether the plaintiff, Fitzgerald, has such a grant from the state as will give him a standing to enable him to set up the rights of the state against the right of Christian Faunce under the Whitall deed. He could acquire such a standing only in virtue of a grant by the riparian commissioners, which the commissioners were empowered to make under the statutes authorizing them to grant and convey lands of the state under water."

Applying that rule, he held that under the act of March 21st, 1871, no one but a riparian owner can apply, and a grant by the commissioners to anyone else would be *ultra vires*.

The case before us, therefore, involved the question whether the Batemans had such a grant from the state as would enable them to set up the rights of the state against Polhemus. A grant which, by the terms of the Riparian act, the riparian commissioners were disabled to make, and which, by the express language of the conveyance executed by them, they declared they did not intend to make, passed no title to the grantee, and could not have the effect to make the act of Polhemus a trespass.

The trial court erred in rejecting this evidence offered by the defendant.

In *Elizabeth* v. *Central Railroad Co.*, 24 *Vroom* 491, the grant was absolute in its terms, independent of any riparian title, and without any reference to any particular statute, and consequently it was held that the grant must be deemed

as comprehensive as the law permitted.   In that case, because the United States Supreme Court, in 124 *U. S. Rep.* 656, had held that the state could not defeat its absolute grants because of the public right to a highway on the ripa, it was considered that the grant could not be attacked collaterally.   It was conceded, however, that where the false suggestion appears on the face of the grant, the grant may be challenged and declared void in collateral proceedings.   That is the situation which the defendant on the trial below alleged to exist, and he offered to show that the grantee had falsely held himself out as the owner of the ripa, and that the statement in the deed that he was such owner was not true.

The question remains to be considered whether this action can be maintained if the plaintiff below establish the ownership of the ripa in Luther Bateman.

The grant by the state must be strictly construed.

The state may grant the exclusive right to take oysters and to its lands under water.   *Wooley* v. *Campbell*, 8 *Vroom* 163.

But until such grant is made, the public right of fishery exists.   *Brown* v. *De Groff*, *supra*; *Grace* v. *Willets*, 21 *Vroom* 414.

Conceding that the grant may vest in the grantee of lands under water all the rights of the state in the lands granted and thereby exclude the public rights which previously existed, it seems equally clear that the conveyance need not necessarily be so comprehensive.   The state as well as the individual may limit the extent of its grant.   The language of the conveyance must measure what passes by it, and the grantee can acquire nothing in excess of that because of the existence of a power to enlarge the grant.

This observation is made because it is insisted that, under the first section of the act of March 21st, 1871 (*Gen. Stat.*, p. 2790, *pl.* 21), "all the rights of the state in said lands may be vested in the grantee."

The question in this case is not what might have been granted to Bateman, but what is the extent of the grant to him, applying the rule of strict construction in favor of the state.

The act of 1871 provides that the conveyance shall be executed as directed in the act to which it is a supplement.

Section 8 of the act of 1869 (*Gen. Stat.*, *p.* 2788, *pl.* 15) prescribes the manner of execution.

The deed was executed in the prescribed form, but it does not, in terms, grant all the rights of the state in said lands to the grantee.   On the contrary, it contains the provision hereinbefore recited, setting forth the purposes for which said conveyance was made.   That provision was manifestly intended to give to the grantee such rights as he would have been entitled to under a grant made exclusively under the eighth section of the act of 1869.

That section provides that, upon delivery of the deed, "the grantee may reclaim, improve and appropriate to his and their own use the lands conveyed."

The statute does not require that this provision shall be inserted in the deed; it does not enter into the form of the conveyance, but simply provides what its effect shall be when delivered.   That effect must be accorded to it unless it contains some provision narrowing its scope.

So it may be admitted that the deed to Bateman, under the act of 1871, in the absence of any language limiting its operation and effect, would have passed to him all the rights of the state in the lands under water, but the deed contains the provision that he is to have the right, liberty, privilege and franchise to exclude the tide-water from so much of the lands as lies under tide-water by filling in or otherwise improving the same, and to appropriate the lands to his exclusive private uses.

This language restricts the grant, and nothing in excess of it passes to the grantee.   His rights under it must be interpreted by the words of the conveyance.

He may fill in or otherwise improve the same and appropriate the lands so improved to his exclusive private uses.

If he is permitted to appropriate the lands to his exclusive private uses without filling in or improving, no effect is given to the previous language, and the deed will be given the same

effect as if it contained only the provision that he could appropriate the lands to his own exclusive private uses. Such a construction of the deed, under the well-settled rules of interpretation, is inadmissible. The state made the grant, and Bateman accepted it in this form, and it cannot be enlarged beyond the clear meaning of the words used. Bateman acquired no title to the exclusive use of any portion of the land under water until he filled in and reclaimed or improved it. The grant was only for the purposes of reclamation. In this respect the charge of the court was erroneous, and the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Depue, Dixon, Garrison, Gummere, Lippincott, Van Syckel, Bogert, Dayton, Hendrickson. 10.