WILLIAM BURKHARD ET AL., DEFENDANTS IN ERROR, v
H. I. HEINZ COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1904—Decided March 6, 1905.

A deed made by the riparian commissioners conveyed land in Atlantic
   City, below the high-water mark of the Atlantic ocean, "with
   the right and privilege   *   *   *   to exclude the tidewater
   from so much of the land   *   *   *   as lies under water, by
   filling in or otherwise improving the same, and to appropriate the
   lands under water to her and their exclusive private uses." *Held*,
   that the assigns of the grantee could maintain ejectment against
   one who occupied a pier erected upon the land under water.
   *Polhemus* v. *Bateman*, 31 *Vroom* 163, distinguished.

On error to the Atlantic Circuit Court.

For the plaintiff in error, *Thompson & Cole*.

For the defendants in error, *Joseph H. Gaskill*.

The opinion of the court was delivered by

DIXON, J. This was an action of ejectment in which the
plaintiffs relied on a riparian title granted by the state,
through the riparian commissioners, to Mary A. Wootton,
by deed dated December 1st, 1898. At that time the grantee
owned the upland lying between Rhode Island avenue and
Massachusetts avenue, in Atlantic City, and extending south-
erly to the high-water mark of the Atlantic ocean. The state's
grant purported to convey to her the land under the ocean
bounded on the easterly and westerly sides by the correspond-
ing lines of her upland extended southerly to the exterior
line fixed by the riparian commissioners. The plaintiffs
have her title to a tract one hundred and fifty feet wide
lying between Rhode Island avenue and Metropolitan avenue,
and extending southerly to the exterior line.

The controversy between the plaintiffs and defendant arises
from the fact that the latter has built and is maintaining a

pier extending from "the boardwalk," in Atlantic City, out
into the ocean, and occupying part of the southwesterly corner
of the tract claimed by the plaintiffs' under the title above
stated.

At the trial in the Atlantic Circuit a verdict for the
plaintiffs was directed, and the only complaint now made
against that direction is based on the proposition that the
riparian grant to Mary A. Wootton conveyed only the right
to reclaim the land under water and to appropriate it after-
wards, but gave no right to exclusive possession before recla-
mation. The authority cited for this proposition is *Polhemus*
v. *Bateman*, 31 *Vroom* 163.

The question for decision in the cited case was whether
the riparian deed then under consideration gave the grantee
the right to maintain trespass against a person taking oysters
from the land under water within the boundaries of the
grant. The riparian deed conveyed by metes and bounds
about seventy acres of land, flowed by tidewater, but con-
tained these words: "With the right, liberty, privilege and
franchise to exclude the tidewater from so much of the lands
above described as lie under tidewater, by filling in or other-
wise improving the same, and to appropriate the lands above
described to his exclusive private uses." The opinion de-
livered for the court was to the effect that these words re-
stricted the grant by indicating that it was made only for
the purpose of reclamation, and that the deed would not be
given the same force as if it contained only a provision that
the grantee could appropriate the lands to his own exclusive
private uses; but, on the contrary, must be deemed to give
him no title to the exclusive use of any portion of the land
under water until he filled in or improved it.

This construction was confessedly a strict one, and can be
supported only upon the idea that in the last part of the
clause just quoted, viz., "and to appropriate the lands above
described to his exclusive private uses," the lands intended
were those which had been filled in or otherwise improved.

The deed in the present case differs on this very point.
Here the corresponding clause runs as follows: "With the

right and privilege, under the covenants and conditions of this grant, to exclude the tidewater from so much of the lands above described as lie under water, by filling in or otherwise improving the same, and to appropriate *the lands under water* above described to her and their exclusive private uses." In view of these words "the lands under water," it is evidently impossible to confine the right of exclusive appropriation to land which has been reclaimed or improved.

The judgment in the cited case was not so far-reaching as the opinion. The act of the defendant, which the plaintiff alleged to be a trespass upon his property, was merely the exercise of the common right to fish in the sea, and the legal effect of the judgment was simply that such common rights were not annulled until the plaintiff made some appropriation of the property which was inconsistent with them. To that extent no criticism of the case is now intended. But here the defendant has taken a permanent and exclusive possession of the land under water as if he were the private owner of it, and we have no doubt that the riparian deed now under consideration expresses an intention to vest in the grantee such a title as would enable her and her assigns to expel such a possessor.

It is not questioned that the state had a title adequate for that purpose, and that under the act of March 21st, 1871 (*Gen. Stat., p.* 2790), the riparian commissioners had power to make a deed which, in the words of that statute, would vest all the rights of the state in the grantee.

We think the direction of a verdict for the plaintiffs was right, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 13.

*For reversal*—None.