GEORGE Y. SCHOCH

*v.*

FRANCIS GARRISON.

[Decided May 2d, 1908.]

1. Where a bill for injunction alleges in general terms that irreparable injury will result by the act complained of, but fails to disclose wherein such irreparable injury will arise, or to aver that defendant is pecuniarily irresponsible, or that the damages will not be easily ascertainable and recoverable, no ground for relief is shown, in the absence of other recognized grounds of equitable jurisdiction.

2. Where the riparian commissioners granted land below high-water mark, "with the right and privilege * * * to exclude the tidewater from so much of the land * * * as lies under water by filling in or otherwise improving the same, and to appropriate the lands under water," the right of the grantee, before appropriation of the land, to exclude others from exercising a common right to fish, is in such doubt that injunction will not issue to protect it.

On bill for injunction.

The bill is filed to restrain defendant from completing the erection of a "pound" on certain land below high-water mark on Delaware bay shore, which land is within the boundaries of a grant made to complainant by the State of New Jersey through its board of riparian commissioners. The terms of the grant held by complainant are identical with the terms of the grant which was considered in *Burkhardt* v. *Heinz Co., 71 N. J. Law (42 Vr.) 562.* The bill asserts that the lands within the boundaries of complainant's grant are chiefly valuable for catching king crabs in May and June of each year, and that defendant is at this time, without right, engaged in erecting a pound, at a certain point on the lands covered by the riparian grant, which pound is to be used by defendant for the purpose of catching king crabs during the approaching crab season.

The defence made is that no part of the lands included in complainant's riparian grant have been reclaimed or in any way appropriated by complainant to his exclusive private use; that the land under water within the boundaries of complainant's grant includes the Delaware bay shore front between high and low-water mark for a distance along the shore of over half a mile, and that for a period which appears to extend beyond the memory of the oldest people, this tidal land has been used by the general public for fishing for king crabs and fish; that the method now commonly adopted in catching king crabs is by the use of pounds similar to that which defendant is constructing; that these pounds or traps are constructed by suspending netting on posts extending at right angles to the shore and are, when constructed, temporary structures for use only during the fishing season and are then removed; that the common right of the public to fish for crabs with pounds is sanctioned by custom, and that the use of the device is in no way exclusive of or derogatory to the equal rights of others to fish for crabs in like manner.

Hearing has been had at the return of an order to show cause upon the bill and answer accompanied by affidavits in behalf of the respective parties.

*Mr. Harry S. Douglass,* for the complainant.     .

*Mr. William C. French,* for the defendant.

LEAMING, V. C.

The question for consideration is whether this is one of that class of cases in which a court of equity may, by decree of injunction, protect and enforce the legal rights in real estate now asserted by complainant. It is not alleged that defendant is pecuniarily irresponsible or unable to answer in damages. The bill in general terms alleges that irreparable injury will result to complainant if defendant is permitted to complete the structure complained of, but no specific averment of the bill discloses wherein such irreparable injury will arise. The bill alleges that the territory included within the boundaries of the

riparian grant is chiefly valuable for catching king crabs, and an affidavit annexed to the bill states that the existence of the pound which defendant is erecting will prevent complainant from using or renting the land so occupied by the pound of defendant, and that defendant has not offered to pay complainant, but it is nowhere averred that the amount of any damages which complainant may suffer will not be easily ascertainable and recoverable. As no ground of jurisdiction peculiarly equitable is presented it is manifest that relief, if granted, must be based upon the existence of legal rights which are sufficiently clear and well settled to call for the exercise of the equitable remedy now sought. An exact and authoritative statement defining the limitation of equity jurisdiction in cases within the class to which the present case belongs is contained in *Outcalt* v. *George W. Helme Co., 42 N. J. Eq. (15 Stew.) 665, 676,* in which case the late Justice Dixon, speaking for the court of errors and appeals, said: "When the real gravamen of the bill is the unconscientious refusal of the defendant to yield to complainant the enjoyment of his legal estate, as it is in bills like the present, for nuisance or for trespass, then (in the absence of other recognized grounds of equitable jurisdiction) a condition precedent to the right of the complainant to bring his adversary into the court of conscience is that the latter's misconduct shall be admitted or shall have been established at law against him, for only such misconduct can be deemed unconscientious as well as illegal."

Defendant does not deny the existence or validity of complainant's grant, but asserts the right to exercise the common right to fish upon the land until complainant shall have made some appropriation of the land inconsistent with the exercise of the common right referred to. In the case of *Polhemus* v. *Bateman, 60 N. J. Law (31 Vr.) 163,* a riparian grant, containing a reclamation clause similar to, but not exactly the same as complainant's grant, was treated as insufficient to support an action of trespass *quare clausum* until after the grantee should have exercised the power of reclamation conferred by the grant. In the subsequent case of *Burkhard* v. *Heinz Co., 71 N. J. Law*

(*42 Vr.*) *562,* the same court had before it, in an action of eject-
ment, a riparian grant containing a reclamation clause identical
with the grant now held by complainant. While in that case the
court held the grant sufficient to sustain an action of eject-
ment against a defendant who had erected a permanent struc-
ture upon a portion of the land included within the boundaries
of the grant, I find in the opinion of the court language which,
I think, may be fairly said to warrant a substantial doubt
whether that court would have sustained an action under that
grant against a defendant who had merely exercised a common
right to fish in the sea before the grantee had made some ap-
propriation of the land which was inconsistent with the exercise
of such common right. If such a doubt touching the rights con-
ferred by the grant held by complainant exists, it is plain that
this case is not one falling within the class of cases in which a
court of equity should extend relief for the enforcement or pro-
tection of legal rights in land. From the two decisions cited it
is clear that, within the field of statutory powers conferred upon
the board of riparian commissioners, the grants made by the
state through that board must be construed as conferring such
rights and privileges as the language of the grants may import.
The clause touching the privilege of reclamation and appropria-
tion cannot be without a purpose, and I am not prepared to say,
in view of the suggestions contained in *Burkhardt* v. *Heinz Co.,*
*supra,* that it should be considered as well settled that such a
grant is effective to terminate the common right of fishery be-
fore any act of possession or reclamation shall have been exer-
cised by the grantee. Complainant's remedy, if any exists, is
at law.

I will advise an order discharging the order to show cause.
Should the parties desire to be heard touching the retention of
the bill until the termination of a suit at law, I will hear the
parties on that question.