LONG DOCK COMPANY, PROSECUTOR, v. BOARD OF EQUAL-
IZATION OF TAXES, RESPONDENT.

Submitted December 3, 1914—Decided February 23, 1915.

The charter of the Long Dock Company (*Pamph. L.* 1856, *p.* 67) authorized the company to improve all lands under water that should be purchased or held by it, and to use, fill up, and occupy all lands covered by water which they might hold or purchase, or which might lie in front of lands which they might hold or purchase, and to build, enlarge and improve any docks, wharves, &c., on such lands, which right is similar in character to a riparian grant. *Held,* that until land so held by that company is reclaimed, it is not assessable for taxes as a separate tract.

---

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Robert J. Baine* (*Collins & Corbin,* on the brief).

For Jersey City, *John Bentley* (*John Milton,* on the brief).

The opinion of the court was delivered by

SWAYZE, J.    A new pier line was established in the Hudson river in 1913.    The effect was to permit the Long Dock Company to extend its pier further out into the river.    The city conceived that this made the land under water in front of the former pier line taxable, although nothing had been done to reclaim it and no use was made of it except as boats might sail over it.    The rule of law is thus stated in *Jersey City* v. *Board of Assessors,* 73 *N. J. L.* 164 (at *p.* 166) : "The proper method of assessment must be determined by the nature of the title of defendants.    If the defendants had title to the land under water that land should be included with the land back of the exterior line for solid filling in a single description or separately assessed by a distinct description.    It should not be altogether omitted from the assessment and treated as merely increasing the value of the land back of the line.    If, on the other hand, the defendants have only a right in the land under water as appurtenant to the land back of the exterior line for solid filling, the value of that right is properly included in an assessment upon the land back of the line." This ruling has been approved by the Court of Errors and Appeals.    75 *Id.* 571.

The question, therefore, is whether the Long Dock Company had title to this land under water.    By the charter of the Long Dock Company (*Pamph. L.* 1856, *p.* 67), it was authorized to improve all lands under water that should be purchased or held by them or erect buildings thereon and lay out the land into blocks, &c., and was given liberty to fill up, raise, occupy, possess and enjoy as their own property all lands covered with water which they might hold or purchase or which might lie in front of lands along any shore which they might hold or purchase; and to build, enlarge and improve on such lands any dock, wharf, pier, bulkhead, slip or other structure; provided, that in carrying out the provisions of the act they should not injure the navigation of the Hudson river and should not interfere with the legal rights or privileges of others, or fill in or reclaim any lands under water except in

front of the lands which they might purchase along the shore. The nature of the right conveyed by a charter of this character is similar to that conveyed under the Riparian act, and the rule established by the Court of Errors and Appeals in *Polhemus* v. *Bateman,* 60 *N. J. L.* 163, is applicable. It was there held that Bateman acquired no title to the exclusive use of any portion of the land under water until he filled in and reclaimed or improved it, and that the grant was only for the purposes of reclamation. Following this rule, the right of the Long Dock Company in this case does not amount to a legal title until the land is reclaimed. It is, therefore, not assessable as a separate tract. Whatever, if anything, is added to the value of the upland to which the right to reclaim is appurtenant, is a question that cannot be determined upon this record. The present assessment must therefore be set aside, with costs.