68 N.J. Super. 291 (1961)
172 A.2d 228
BOROUGH OF ISLAND HEIGHTS IN THE COUNTY OF OCEAN, PETITIONER-APPELLANT,
v.
PRESBYTERIAN CAMPS AND CONFERENCES, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1961.
Decided June 29, 1961.
*292 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Wilbert J. Martin, Jr., argued the cause for appellant.
Mr. Harold A. Schuman argued the cause for respondent (Messrs. Haines & Schuman, attorneys).
*293 The opinion of the court was delivered by SULLIVAN, J.A.D.
Borough of Island Heights, petitioner herein, appeals from a judgment of the Division of Tax Appeals which affirmed the action of the Ocean County Board of Taxation cancelling the assessment for taxes on certain underwater lands held by Presbyterian Camps and Conferences, Inc., respondent herein, under a riparian deed.
The facts are not in dispute. Respondent is the owner of upland property known as lots 1-8 in block 30 in the Borough of Island Heights. This upland property is admittedly exempt from taxation under N.J.S.A. 54:4-3.6. Adjacent to said upland is certain underwater property extending out to the established bulkhead line which respondent holds, through mesne conveyances, under a grant from the State of New Jersey.
Said grant, which is dated September 19, 1932, "does hereby grant, bargain, sell and convey, subject to the terms, covenants, conditions and limitations herein contained," unto the grantee and its successors and assigns forever, the underwater land in question, "with the right and privilege, under the covenants and conditions of this grant, to exclude the tide-water from so much of the lands above described as lie under tide-water, by filling in or otherwise improving the same, and to appropriate the lands under water above described to its and their exclusive private uses." The habendum is to the grantee "and to its successors and assigns forever," subject to the terms, conditions and limitations of the grant. (The grant also included the underwater land between the established bulkhead line and the established exterior line of piers, but said land "is not to be used for any purpose whatsoever except the erection of a pier or piers thereon, underneath which the tide may ebb and flow and no solid filling shall be placed thereon.")
In 1958 the Borough of Island Heights separately assessed the riparian rights on lots 1-8, block 30 for taxation. On appeal to the Ocean County Board of Taxation the assessment was cancelled. The Borough thereupon appealed to *294 the Division of Tax Appeals which affirmed the county board's action and dismissed the appeal therefrom.
It is to be noted that the assessment was levied on "riparian rights on Lots 1-8, Block 30." This description is not free from ambiguity. However, both parties hereto and the Division of Tax Appeals have interpreted the assessment as being levied only on the underwater lands which respondent has the right to fill in and appropriate to its exclusive private uses, i.e., out to the bulkhead line. For the purpose of this appeal we will consider that the assessment is so limited.
At the hearing before the Division, Presbyterian Camps and Conferences, Inc., did not contend that the land embraced in the assessment was exempt from taxation under N.J.S.A. 54:4-3.6. Instead it claimed that it did not have full legal ownership of the area in question so that such property was not separately assessable and was only an enhancement to the value of the upland, which upland was concededly exempt from taxation.
The Division, citing Polhemus v. Bateman, 60 N.J.L. 163 (E. & A. 1897), Long Dock Company v. Board of Equalization of Taxes, 87 N.J.L. 22 (Sup. Ct. 1915), and Long Dock Company v. State Board of Assessors, 89 N.J.L. 108 (Sup. Ct. 1916), sustained respondent's position and held as follows:
"In the present case what the taxpayer possessed was a riparian grant giving it the right to fill in, reclaim or improve the land and to appropriate it to its exclusive use. So far as the record shows it has never exercised that right. The land is not therefore separately assessable but any additional value by reason of the grant, adheres to the upland. The upland is admittedly exempt. The assessment was therefore properly cancelled and judgment should be entered affirming the action of the Ocean County Board of Taxation."
A discussion of the history and background of legislation involving riparian lands and the power of the State through appropriate state agency, as invested by statute, to convey such lands is comprehensively set forth in Bailey v. *295 Driscoll, 19 N.J. 363 (1955). The absolute proprietorship of the State in riparian lands within its borders is unquestioned. Bailey v. Driscoll, supra. The extent of its power to make grants or leases of such lands is specified in Title 12, chapter 3, sec. 1 et seq. of the Revised Statutes.
If respondent holds legal title to the lands in question, the right of the borough to assess said land for taxation, absent a claim of exemption, is unquestioned. Cook v. Bayonne, 80 N.J.L. 596 (Sup. Ct. 1910). The issue therefore is whether under the riparian deed of 1932 respondent is the owner of and has legal title to said lands, or whether it has merely a right to reclaim and fill in said lands which will not ripen into ownership until and unless said right is exercised.
This precise issue had long since been settled in Burkhard v. H.I. Heinz Co., 71 N.J.L. 562 (E. & A. 1905); Cook v. Bayonne, supra; Ocean Front Improvement Co. v. Ocean City Gardens Co., 89 N.J. Eq. 18 (Ch. 1918); Leary v. Jersey City, 248 U.S. 328, 39 S.Ct. 115, 63 L.Ed. 271 (1918), all of which cases hold that where the State grants or "leases" riparian lands by an instrument using language similar to the grant herein, a fee is conveyed, the grantee becomes the owner of said lands, and no title remains in the State.
Respondent, relying on Polhemus v. Bateman, supra and Schoch v. Garrison, 74 N.J. Eq. 292 (Ch. 1908), contends that under the provisions of the riparian deed, supra, giving the grantee the right to exclude the tidewater and to fill in or otherwise improve the underwater lands, until and unless the grantee actually reclaims the land by filling it in, he does not acquire title thereto. This argument, however, was considered in Burkhard v. H.I. Heinz Co., supra, and Leary v. Jersey City, supra, and was rejected, it being held that such language does not derogate from the grant which is full and complete. In doing so these cases indicate that the holding in Polhemus v. Bateman, supra, is questionable and must be restricted to the precise facts involved therein.
*296 The very language relied on by respondent is taken from N.J.S.A. 12:3-5 (L. 1869, c. 383, as amended) which provides that a conveyance or lease under the act "shall not merely pass the title to the land therein described, but the right of the grantee or licensee, individual or corporation, his, her or their heirs and assigns, to exclude to the exterior bulkhead line, the tidewater by filling in or otherwise improving the same, and to appropriate the land to exclusive private uses, * * *." Thus it is seen that these provisions do not limit the grantee's title but, on the contrary, confirm it.
The other two cases relied on by the Division, Long Dock Company v. Board of Equalization of Taxes, 87 N.J.L. 22, supra, and Long Dock Company v. State Board of Assessors, 89 N.J.L. 108, supra, deal with charter provisions of the Long Dock Company (L. 1856, c. 39) rather than a riparian grant from the State under R.S. 12:3 (L. 1869, c. 383, as amended) and were distinguished for that reason by the United States Supreme Court in Leary v. Jersey City, supra. Cf. River Development Corp. v. Liberty Corp., 45 N.J. Super. 445 (Ch. Div. 1957), affirmed 51 N.J. Super. 447 (App. Div. 1958), affirmed 29 N.J. 239 (1959).
Finally respondent argues that Cook v. Bayonne, supra, which was followed in Ocean Front Improvement Co. v. Ocean City Gardens Co., supra, and in Leary v. Jersey City, supra, was decided on an erroneous factual assumption.
In Cook, reliance was placed on Hudson Tunnel Co. v. Attorney-General, 27 N.J. Eq. 573 (E. & A. 1876), which was referred to as a case dealing with the condemnation of lands under water. The factual error, as pointed out by respondent, is that in the Hudson Tunnel case the lands were not actually under water, but had been improved and reclaimed. This, however, was not a material fact in the Hudson Tunnel case where the issue was the construction of a grant by the State under the 1869 riparian act, and it was held that such grant (a lease in form) conveyed a fee to the grantee, and that by force of such grant no estate remained in the State.
*297 The judgment is reversed with directions to reinstate the assessment, subject to respondent's right to claim exemption under N.J.S.A. 54:4-3.6.