74 N.J. Super. 483 (1962)
181 A.2d 541
MAIN ASSOCIATES, INC., PLAINTIFF,
v.
B. & R. ENTERPRISES, INC., ITS SUCCESSORS OR ASSIGNS; UNKNOWN OWNER OR UNKNOWN CLAIMANT, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; AND THE STATE OF NEW JERSEY, DEFENDANTS,
v.
BOROUGH OF PENNS GROVE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 23, 1962.
*484 Mr. Joseph Narrow, attorney for the plaintiff.
Mr. Thomas L. Smith, attorney for defendant, B. & R. Enterprises, Inc.
Mr. Gerard J. DiNicola, attorney for third-party defendant Borough of Penns Grove.
WICK, J.S.C.
Plaintiff Main Associates, Inc., a New Jersey corporation with principal offices in the Borough of Penns Grove and County of Salem, is seeking to foreclose a tax sale certificate against defendant B. & R. Enterprises, Inc., owner of the premises in question, which tax certificate was assigned to plaintiff by the Borough of Penns Grove.
The matter before this court involves the assessment of riparian land located in the Delaware River adjacent to the Borough of Penns Grove. The court is directly concerned with those premises known as Tract No. 1 owned by B. & R. Enterprises, Inc., upon which tract a pier has been erected extending for several hundred feet into the Delaware River. The Borough of Penns Grove, alleging the land and premises to be situate within the borough, has assessed taxes thereon. By reason of nonpayment of these *485 taxes a sale was conducted and the premises purchased by the Borough of Penns Grove. A tax sale certificate was delivered to the borough, being dated December 21, 1954, and on April 29, 1959 the tax certificate was assigned to plaintiff for $2,150.81, the sum claimed due the borough under said certificate.
The facts show that defendant owns no upland, or ripa, adjacent to the riparian land in question. It has derived its ownership of the riparian tract through a riparian grant made by the State of New Jersey to the Penns Grove Pier Company, defendant's predecessor in title. In pursuance of said grant the Borough of Penns Grove enacted an ordinance waiving its riparian rights in Tract No. 1, and in consideration of such waiver received a conveyance of certain surrounding lands from the Penns Grove Pier Company by deed of April 14, 1916. The premises conveyed consisted of an extension to Main Street in the Borough of Penns Grove, with Penns Grove Pier Company retaining a right of reversion therein should the land be used for other than public or municipal purposes. By reason of the conveyance of Tract No. 1 from Penns Grove Pier Company to B. & R. Enterprises, Inc., the latter has succeeded to the reversionary right formerly held by the pier company. This right represents a future rather than a present interest, so, for the purposes of this opinion, it can be acknowledged that defendant does not presently own any portion of the ripa.
The matter is further complicated by reason of a United States Supreme Court decision entered on June 3, 1935 in the case of New Jersey v. Delaware, 291 U.S. 361, 54 S.Ct. 407, 78 L.Ed. 847. This decision, in fixing the boundary of the State of Delaware, held that said boundary was to encompass an area within a 12 mile radius of the town of New Castle, Delaware, to the mesne low water mark on the New Jersey side of the Delaware River. This decision was made without prejudice to the rights of either state under the Compact of 1905 which has been enacted *486 in New Jersey as R.S. 52:28-34 et seq. The Borough of Penns Grove is so geographically located that the aforesaid 12-mile radius would arc at the mesne low water mark fronting said borough. This fact has prompted defendant to assert the defense that the assessment levied by Penns Grove is illegal since the premises sought to be levied upon are located within the 12-mile radius and therefore situate within the State of Delaware. By contending the premises to be within the confines of the State of Delaware defendant is, in effect, not only claiming them to be outside the jurisdiction of the Borough of Penns Grove, but outside the State of New Jersey as well. While this defense may have some prima facie merit, the court is not willing to concede its validity. To do so would permit defendant to dispute the source of its title. Following this defense to its logical conclusion, and assuming the premises to be within the State of Delaware as contended, defendant could not claim good title to the land in question since neither it nor its predecessors in title have ever been recipients of a riparian grant from the State of Delaware. To go even further, it could be contended that by reason of defendant's nonownership it has no interest in the premises whatsoever since it owns no ripa upon which riparian rights could attach.
The court realizes that defendant could not have intended this defense to develop such ramifications. Rather, it is merely an attempt by defendant to circumvent the assessment by alleging lack of jurisdiction in the taxing body. This defense is best disposed of by resort to the United States Supreme Court decision in New Jersey v. Delaware, above. In its concluding language the court states, on page 385, 54 S.Ct., on page 415:
"Within the twelve-mile circle, the river and the subaqueous soil thereof up to low water mark on the easterly or New Jersey side will be adjudged to belong to the state of Delaware, subject to the Compact of 1905." *487 The Compact of 1905, referred to above, is a compact entered into between the States of New Jersey and Delaware which had as its purpose
"* * * looking to the amicable termination of the said suit between said states now pending in the supreme court of the United States and the final adjudgment of all controversies relating to the boundary line between said states, and to their respective rights in the Delaware river and bay; * * *. L. 1905, c. 42, Preamble, p. 67 (C.S. p. 5374, Preamble)." R.S. 52:28-34.
Since the land within the aforementioned 12-mile circle belongs to Delaware "subject to the Compact of 1905," resort must be had thereto in order to achieve a full realization of the rights exercisable by New Jersey. The compact has been enacted in this State as R.S. 52:28-34 et seq. The first provision thereof pertinent to this discussion is R.S. 52:28-41:

"Riparian jurisdiction
Article VII. Each state may, on its own side of the river, continue to exercise riparian jurisdiction of every kind and nature, and to make grants, leases and conveyances of riparian lands and rights under the laws of the respective states."
The second compact provision pertinent hereto is R.S. 52:28-42.

"Rights in Delaware river preserved
Article VIII. Nothing herein contained shall affect the territorial limits, rights or jurisdiction of either state of, in or over the Delaware river, or the ownership of the subaqueous soil thereof, except as herein expressly set forth."
It is apparent that these provisions unequivocally provide New Jersey with the absolute right not only to exercise riparian jurisdiction over land on its side of the river, but authority to make riparian grants of these lands as well. The premises in question being within the jurisdiction of the State of New Jersey, once they have been granted to private ownership they similarly come within the jurisdiction of the municipality to which they adjoin.
*488 Unfortunately, this does not resolve the issue as to the validity of the levy by the Borough of Penns Grove on the premises in question. Under the existing situation the ripa and the riparian lands are not under common ownership, thereby raising the novel question as to whether a municipality may assess taxes on riparian land or structures located thereon when such lands and/or structures are owned by one not the owner of the adjoining upland.
The case of Colket v. Rightmire, 46 N.J.L. 341 (Sup. Ct. 1884), adopted the rule that land under tidewater is not liable to assessment by the municipality. While New Jersey no doubt adhered to this rule at one time, the court cannot ignore the fact that such may have become antiquated by the passage of time. This is evidenced by subsequent decisions on the subject as well as a generally increased utilization of municipal facilities by riparian land owners. In Jersey City v. Board of Assessors, etc., 73 N.J.L. 164, 166 (Sup. Ct. 1906), reversed on other grounds 75 N.J.L. 571 (E. & A. 1908), the court in discussing assessment of riparian lands stated:
"The proper method of assessment must be determined by the nature of the title of the defendants. If the defendants have title to the land under water, that land should be included with the land back of the exterior line for solid filling in a single description, or separately assessed by a distinct description. It should not be altogether omitted from the assessment and treated merely as increasing the value of the land back of the line. If, on the other hand, the defendants have only a right in the land under water as appurtenant to the land back of the exterior line for solid filling, the value of that right is properly included in an assessment upon the land back of the line." (Emphasis added)
This rule was cited with approval in Long Dock Co. v. Board of Equalization of Taxes, 87 N.J.L. 22 (Sup. Ct. 1915). See also Ehren Realty Co. v. Magna Charta B. & L. Ass'n, 120 N.J. Eq. 136, 137 (Ch. 1936); City of Long Branch v. Highlands, etc., Steamboat Co., 134 N.J. Eq. 266, 269 (Ch. 1943).
*489 In Long Dock Co. v. State Board of Assessors, 89 N.J.L. 108, 112 (Sup. Ct. 1916), affirmed 90 N.J.L. 701 (E. & A. 1917), is found the following language,
"Next it is insisted that the lands under water should have been joined to the upland for assessment and not segregated into separate tracts. The answer is that if the lands under water are owned by the taxpayer, either method is allowable and some discretion must be accorded to the board. Jersey City v. Board, 73 N.J. Law [164] 166; 75 N.J. Law 571; Long Dock Co. v. Board, 87 N.J. Law 22. If it is owned land, whether under water or not, it is assessable as such; but if only a right to reclaim not exercised, it may be regarded as an increment of value to the shoreward property. Id. * * *"
These cases follow the proposition that riparian lands may not only be taxed indirectly in proportion to the value by which they enhance the ripa, but may also be assessed separately and directly. This appears to be the better view. In order that the latter procedure be adopted, the riparian lands must be owned by the taxpayer, and this requires a grant from the State. This prerequisite has been satisfied in the matter sub judice. There is no need for requiring that the riparian land and ripa be commonly owned. If they are subject to separate assessment while commonly owned, there is no reason to preclude separate assessments when the riparian land and ripa are separately owned. To hold otherwise would be fallacious. The riparian lands are therefore taxable, and it follows that structures and improvements erected thereon should be similarly assessable. A pier constructed in a harbor is taxable as realty. Smith v. New York, 68 N.Y. 552 (Ct. App. 1877).
Since the location of the pier is at the end of Main Street it is apparent that primary access thereto would be best afforded by use of Main Street. If defendant depends on this route for ingress and egress to its pier, it is only fair that it be in some way responsible to the municipality having the burden of maintenance. This responsibility would be satisfied through an assessment on the pier and the collection of a tax.
*490 It is therefore the decision of this court that the Borough of Penns Grove may properly assess the riparian land and pier located thereon. In accordance herewith, the defendant shall be allowed 30 days from the entry of judgment in which to exercise its right of redemption.