## LEARY *v.* THE MAYOR AND ALDERMEN OF THE CITY OF JERSEY CITY, ET AL.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 3. Argued November 12, 13, 1918.—Decided January 7, 1919.

An instrument executed in the name and behalf of the State of New Jersey by the State Riparian Commission, after reciting an application and agreement for a lease of certain submerged land, the fixing of a specified rental and of a larger sum to be paid for a conveyance free from rent, proceeded to "bargain, sell, lease, and convey" the lands to the applicant corporation, its successors and assigns, and "the right, liberty, privilege and franchise to exclude the tide water" from such land "by filling in or otherwise improving the same and to appropriate the land . . . to their exclusive private use;" an habendum declared that the lands and all rights and privileges exercisable within and over or with reference to the same should be held by the company, its successors and assigns forever, subject to the payment of the specified rent in semi-annual instalments, and

there were covenants for payment of the rent and for right of re-
entry by the State for non-payment, and for conveyance of the land
or any part thereof to the company, its successors or assigns, free
and discharged of the rent, upon payment of a sum specified, or an
equitable portion of it.

*Held,* that, under the law of New Jersey, there was a grant of the fee,
subject to a rent charge, and that the lands were taxable against
the grantee and its assigns as owners.   P. 331.

208 Fed. Rep. 854, affirmed.

THE case is stated in the opinion.

*Mr. John M. Enright,* with whom *Mr. Merritt Lane* was
on the briefs, for appellant.

*Mr. Edward P. Stout,* with whom *Mr. John Bentley*
and *Mr. John Milton* were on the brief, for appellees.

MR. JUSTICE PITNEY delivered the opinion of the court.

This was a suit in equity brought in the United States
Circuit (afterwards District) Court for the District of
New Jersey by Leary, the appellant, against the City of
Jersey City and the City Collector, to remove a cloud
upon the title held by Leary in certain lands lying beneath
the waters of New York Bay adjacent to the New Jersey
shore, arising from the lien asserted by the city to secure
payment of certain taxes assessed against those lands and
alleged by complainant to be invalid under the constitu-
tion and laws of the State and repugnant to the Con-
stitution of the United States.   The Circuit Court dis-
missed the bill (189 Fed. Rep. 419), the Circuit Court of
Appeals for the Third Circuit affirmed its decree (208
Fed. Rep. 854), and an appeal to this court was allowed.

The lands in question were granted or leased April 30,
1881, by the State of New Jersey, acting by its Riparian
Commissioners appointed under an Act of March 31,
1869 (P. L. p. 1017), supplementary to an Act of April 11,

1864 (P. L. p. 681). The recipient of the grant was the Morris & Cumings Dredging Company, a corporation of the State of New York, and this company on February 24, 1904, assigned its interest to appellant. The taxes in question were assessed annually for the years 1883 to 1905, inclusive, amounted in all to $163,392.24, and remain unpaid. The lands having been advertised for sale by the City Collector to pay them, the original bill was filed to restrain such sale. Afterwards the city, under an act of the legislature known as the Martin Act, approved March 30, 1886, (P. L. p. 149), and its supplements, caused an adjustment of the taxes to be made, which was confirmed by a circuit judge, pursuant to the act. The assessment resulted in a large reduction in the amount of the taxes, fixing the aggregate burden upon appellant's land at about $108,000, including the taxes for the years 1904, 1905, 1906, and 1907, which were included in the adjustment. The adjusted taxes were made the basis of a supplemental bill herein. At the same time they were reviewed by the Supreme Court of the State upon a writ of certiorari prosecuted by the city, and were sustained by that court and by the Court of Errors and Appeals. *Jersey City* v. *Speer*, 78 N. J. L. 34; 79 N. J. L. 598. That review, however, did not involve the questions now raised.

In the present suit the validity of the taxes was assailed principally upon four grounds: First, that the lands were not owned by the Morris & Cumings Dredging Company or by appellant in such a sense as to make them taxable in their hands under the state laws, but on the contrary remained the property of the State; Second, that the lands, although within the territorial limits of the State of New Jersey, were, by the compact made in the year 1833 between that State and the State of New York, approved by Act of Congress of June 28, 1834, c. 126, 4 Stat. 708, made subject to the governmental jurisdiction of the State of New York, and that the imposition of a tax upon

them under the authority of the State of New Jersey would deprive appellant of his property without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States; Third, that the lands were not within the taxing district of Jersey City; and Fourth, that the lien of the taxes had expired.

Since the suit was commenced the second contention, which raised the only substantial federal question, has been decided adversely to appellant by this court in *Central R. R. Co.* v. *Jersey City,* 209 U. S. 473.

The third and fourth points are satisfactorily dealt with in the opinions of the Circuit Court and Circuit Court of Appeals.

The first point—whether the interest of appellant and of his predecessor in title were taxable under the laws of the State—is the one chiefly relied on in this court. It is insisted, and for the purposes of the decision we assume, that the state laws provide for taxing lands only against the owner, and not against a lessee. Hence, the crucial question on this branch of the case is whether the riparian grant under which appellant derives his title is a mere lease, as contended by him, or confers such an ownership as is taxable under the state laws; in short, whether the State or the grantee is the owner.

The legislation by which the powers of the riparian commissioners are defined is set forth in the opinion of the Circuit Court (189 Fed. Rep. 422–425), and need not be here repeated. Suffice it to say that it authorizes the making, in the name and behalf of the State, of such a grant or lease as that which was made to the Morris & Cumings Dredging Company, and which that company assigned to appellant. The instrument recites that the company, being the owner of lands fronting on New York Bay, and desirous of obtaining a lease for the lands under water lying in front of them, had applied to the riparian commissioners and the governor for such a lease, and in com-

pliance with the application the commissioners had agreed to lease the submerged lands in question, and had fixed the sum of $4,233.60 as the annual rental to be paid for them, and the sum of $60,480 as the price on payment of which a conveyance of the lands free from rent would be made; the instrument proceeds in the name of the State to "bargain, sell, lease, and convey unto the said The Morris and Cumings Dredging Company and to its successors and assigns forever" the submerged lands in question (describing them), "and also the right, liberty, privilege and franchise to exclude the tide water from so much of the lands above described as lie under tide water by filling in or otherwise improving the same and to appropriate the land above described to their exclusive private use." There follows an habendum clause to the effect that the lands granted and all rights and privileges exercisable within and over or with reference to the same in manner and form as granted are to be held by the company and its successors and assigns forever, subject to the payment of the rent specified in semi-annual instalments. There is an express covenant for the payment of the rent at the times appointed, with the right on the part of the State to reënter for nonpayment; and there is a covenant by the State to convey the lands or any part thereof to the company, its successors or assigns, free and discharged of the rent, upon payment to the State of the sum of $60,480, or an equitable portion thereof.

With respect to a similar grant, made under the same statutory authority and containing like provisions, the court of last resort of New Jersey has held that it transmitted the entire estate of the grantor to the grantee; that the interest remaining in the State was not an actual estate but a right of entry for nonpayment of rent, and the mere possibility of a reverter for condition broken did not amount to an estate in reversion; and that the ands covered by the grant were not lands belonging to the

State within the meaning of a section of the general railroad act which limited the power of corporations created thereunder to condemn lands for the uses contemplated by the act. *Hudson Tunnel Co.* v. *Attorney General,* 27 N. J. Eq. 573, 578. In *Cook* v. *Bayonne,* 80 N. J. L. 596, the Supreme Court of the State held that a riparian grant of the same character amounted to a conveyance in fee subject to a rent charge, and that the lands were taxable in the hands of the grantee. A similar view as to the · nature of the estate which passes under a "riparian lease". was taken by Vice Chancellor Leaming in the recent case of *Ocean Front Improvement Co.* v. *Ocean City Gardens Co.,* 103 Atl. Rep. 419. The last two cases do not appear to have been reviewed by the court of last resort.

Appellant refers to that part of the lease which grants the right to exclude the tide water from the lands described by filling in or otherwise improving the same and to appropriate the lands described to private use, and upon the strength of this insists that the instrument, whether by way of lease or in fee, confers a mere license to reclaim, and does not constitute the licensee the owner of the land or extinguish public rights therein unless and until the license is executed by actual reclamation. *Polhemus* v. *Bateman,* 60 N. J. L. 163, a decision by the Court of Errors and Appeals, is relied upon to support this contention. But the authority of that case has been much restricted by the subsequent decision of the same court in *Burkhard* v. *Heinz Co.,* 71 N. J. L. 562, 564, where it was pointed out that the judgment in the *Polhemus Case* was not as far reaching as the opinion; that its legal effect was simply that such common rights as the right to fish in the sea were not annulled by a riparian grant until the grantee made some appropriation of the property inconsistent with them. We do not regard this as conclusive upon the present question.

The other cases particularly relied upon, *Long Dock Co.*

v. *Board of Equalization of Taxes,* 87 N. J. L. 22; *Long Dock Co.* v. *State Board of Assessors,* 89 N. J. L. 108; 90 N. J. L. 701, so far as they touch the point at all, are based upon the language of the charter of the Long Dock Company, P. L. 1856, p. 67, and are not inconsistent with *Hudson Tunnel Co.* v. *Attorney General; Cook* v. *Bayonne,* and *Ocean Front Improvement Co.* v. *Ocean City Gardens Co., supra.* Under the doctrine of these cases, which we accept as well founded in reason, to say nothing of authority, appellant's estate is taxable under the New Jersey laws.

Other points are raised, but none that seems to require mention.

*Decree affirmed.*