## MAYOR AND ALDERMEN OF JERSEY CITY et al. v. LEHIGH VALLEY HARBOR TERMINAL RY. CO.

(Circuit Court of Appeals, Third Circuit. June 23, 1926.)

No. 3420.

**1. Taxation ⬤⇒605.**

Remedy by suit to enjoin collection of taxes on property discriminated against *held* not affected nor withdrawn by Act N. J. April 14, 1906 (P. L. p. 210), establishing county tax boards.

**2. Taxation ⬤⇒528—Complainant in suit to enjoin collection of taxes held liable only for interest at regular rate, except on taxes previously adjusted by commissioners under statute (Act N. J. March 30, 1886 [P. L. p. 154] § 4).**

Complainant, in suit to enjoin collection of taxes on property discriminated against, *held* liable, under Act N. J. March 30, 1886 (P. L. p. 154), § 4, for 7 per cent. interest on taxes adjusted by commissioners appointed under that act, but liable only for the regular interest rate on taxes found to be due following such adjustment.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by the Lehigh Valley Harbor Terminal Railway Company against the Mayor and Aldermen of Jersey City, and another. Decree for complainant, and defendants appeal. Decree modified, and, as modified, affirmed.

Edward P. Stout, of Jersey City, N. J., for appellants.

McDermott, Enright & Carpenter and John M. Enright, all of Jersey City, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and GIBSON, District Judge.

WOOLLEY, Circuit Judge. This case, on the law, is ruled by Mayor and Aldermen of Jersey City et al. v. Central Railroad Co. of New Jersey, 212 F. 76, 128 C. C. A. 532, and

on the facts it closely resembles Mayor and Aldermen of Jersey City et al. v. New York Bay Railroad Co. et al., 13 F.(2d) 982, just decided. The complainant is a railroad corporation of the State of New Jersey and the respondents are a municipal corporation of that state and its city solicitor. The complainant, by its bill, charged that the respondent municipality, through its local assessors, for purposes of taxation, designedly, intentionally, habitually and systematically overvalued its property and undervalued the properties of others, and prayed an injunction against the collection of taxes thus assessed, as it claimed, in violation of the Fourteenth Amendment to the Constitution of the United States.

The taxes in question were for the years 1883 to 1915, inclusive. On a showing by the bill that taxes in arrear from 1883 to 1907, inclusive, had been adjusted in the sum of $108,239.20 by Commissioners of Adjustment appointed under chapter 112 of the New Jersey Laws of 1886, known as the Martin Act, and that their action had been sustained by several intermediate courts and finally by the Court of Errors and Appeals of New Jersey, the learned trial judge, as a condition to the grant of an order preliminarily restraining the sale of the land for taxes, required the complainant to pay the respondent municipality $275,000 on account of taxes which, in this suit, might be found due.

The complainant paid this sum, the court enjoined the sale, and the case went to trial. Evidently recognizing the affirmance by the Court of Errors and Appeals of the adjustment of taxes for the years 1883 to 1907, made by the Martin Act Commissioners, as final, the complainant at the trial confined its charge of unjust discrimination in land valuations for purposes of taxation to the remaining years of 1908 to 1915; and against the assessments of taxes for those years it made two contentions: (1) That its property was assessed as though owned in fee when in fact it was held under lease; and (2) the overvaluation of its property and the undervaluation of the property of others from 1908 to 1915 as previously stated. The court, doubtless regarding the first contention as having been finally disposed of in Leary v. Jersey City, 208 F. 854, 126 C. C. A. 12; 248 U. S. 328, 39 S. Ct. 115, 63 L. Ed. 271, as it was, went directly to the second contention and, finding the alleged discrimination during the latter period, entered a decree adjudging that, except the complainant's land and adjacent land in like litigation, the respondent, for purposes of taxation, designedly, intentional-

ly, habitually and systematically undervalued lands at a rate of a little below seventy per cent. of their true value; that, with like design and habit, it overvalued the complainant's land; that, assuming for the purpose of relief, the taxes levied by the local assessors and confirmed by the State Board of Equalization of Taxes were based on the true value, the complainant should not be required to pay taxes upon its property upon valuations in excess of seventy per cent. of the value of the property as assessed by the respondent for each of the years; that the sum of $275,-000 paid by the complainant pendente lite be first applied to payment of taxes for the period 1883 to 1908 as adjusted by the Martin Act Commissioners, with interest thereon from July 11, 1910; that it be next applied to the payment of the principal of the taxes for the years 1908 to 1915 as reduced; that any balance be then applied to interest computed upon said taxes as reduced at the rate of 6 per cent. per annum from a named date in each year; and, finally, that the complainant pay any balance of interest remaining due.

The respondents alone appealed. By appropriate assignments they charge many errors in the decree.

[1] The applicable law, found in the opinions in the two cases first cited, has long been settled. It has not been affected and the remedy it affords in proper cases has not been withdrawn by the New Jersey Act of 1906 (P. L. 1906, p. 210), establishing county tax boards. Central Railroad Co. of New Jersey v. Mayor and Aldermen of Jersey City et al. (D. C.) 199 F. 237, 243, 244, affirmed 212 F. 76, 81, 128 C. C. A. 532. Therefore the case in hand is resolved into one mainly of fact. We have to determine whether there was evidence to sustain the decree.

Shortly stated, the facts are these:

The land in question consisted of 277.28 acres, situate in the taxing district of Jersey City, New Jersey, wholly under the waters of the New York Bay. Originally, title was in the State of New Jersey. In 1881 the state conveyed the land by riparian lease to Morris & Cumings Dredging Company, a corporation, in perpetuity, at an annual rental of $4,233.60, with the right on its part, and on the part of its successors and assigns, at any time to convert the grant by lease into a grant in fee on payment of a capital sum of $60,480. In 1915—the last tax year and the first war year—the Dredging Company conveyed the leasehold to the complainant at a price reckoned at $8,853 per acre, subject to the taxes assessed thereon, and in 1917 the complainant paid the capital sum to the state

and acquired the fee. In each of the years 1908 to 1915—the only tax years now in question—the respondent municipality, for purposes of taxation, placed upon the tract a valuation of $656,000, or at the rate of $2,368 per acre, and annually levied taxes varying from $12,313.12 to $14,432. This land was physically like that of the Central Railroad Company of New Jersey involved in the litigation between that company and the respondent municipality, 212 F. 76, 128 C. C. A. 532, and was separated from it only by a small tract of submerged land in other ownership; and it was adjacent to and physically like the land of the New York Bay Railroad Company in litigation between that company and the respondent municipality, just ended. 13 F.(2d) 982.

[2] But unlike the land involved in those two cases, this tract was wholly submerged and no improvements had been made by filling in the land, dredging adjacent bottoms, digging channels, or otherwise. Its true value was hard to ascertain. Naturally, the evidence was in sharp conflict. However, we find enough evidence, aside from that which the respondents charge was improperly admitted, to sustain the court's findings, previously stated. These were the principal matters in issue; yet, here, as in the New York Bay Railroad Company Case, supra, our chief trouble has been with a matter of interest. As in that case, and for the same reason, we think the complainant should pay on the 1908–1915 taxes interest at the lawful rate, not at the rate prescribed by the New Jersey statute when imposing a penalty. But the New York Bay Railroad Company Case and this case differ in several respects, the one presently pertinent being that in that case there was not a valid adjustment of taxes by Martin Act Commissioners, while here there was a valid adjustment of a part of the taxes by such commissioners. Accordingly, in the former case the date from which to compute interest for unpaid taxes was not the one prescribed by the Martin Act, while in the instant case the date from which to make the computation on a part of the taxes was, initially, the one prescribed by that Act. P. L. 1886, chapter 112, page 149. Section 4 of the Act provides:

"Upon the confirmation of the said report a certified copy of the same * * * shall be transmitted to the comptroller of the city, or other officer for collecting assessments, to be filed by him in his office, and thereupon the amount of said tax, assessment * * * shall immediately become due and payable, and shall be collected by the said comptroller or said other officer without interest, if the same be paid within sixty days after the filing of such * * * report with him, and if not so paid, then with interest *from the date of 'such filing* at the rate of 6 per cent. per annum, and if not paid within six months from such filing, with interest at the rate of 7 per cent. per annum, from the date of * * * filing. * * * "

The report of Martin Act Commissioners adjusting taxes on the complainant's property for the years 1883 to 1907 was confirmed by the Hudson County Circuit Court and a certified copy of confirmation transmitted to the Collector of the respondent municipality on July 9, 1908. The respondent, feeling aggrieved, sued out a writ of certiorari in the New Jersey Supreme Court to review this action of the Circuit Court, and on its affirmance by the Supreme Court (Mayor, etc., of Jersey City v. Speer, 78 N. J. Law, 34, 72 A. 448), the respondent took an appeal to the Court of Errors and Appeals of New Jersey. The latter court, on July 11, 1910, affirmed the action of the Supreme Court. 76 A. 1037. By its bill in the instant case, instituted in 1919, the complainant attacked the taxes for 1883 to 1907, previously adjusted by the Martin Act Commissioners and repeatedly confirmed, but at the trial, as we have stated, it abandoned this part of its bill and thereafter restricted the case to taxes for the years following. The trial court by its decree named the date from which interest on the adjusted taxes for the first period should be computed as July 11, 1910, the date of the decree of the Court of Errors and Appeals. This the respondent resisted on the contention (which we think is sound) that, as the complainant had abandoned the litigation in respect to taxes for the earlier period, that matter was not before the court and, therefore, the court was without jurisdiction to change the date of interest payment on those taxes from that fixed by the statute, which is July 9, 1908, the date on which the certified copy of the Circuit Court's confirmation of the report of the Martin Act Commissioners was transmitted to the Collector conformably with the statute. The complainant contends, however, that it was deterred from paying the taxes adjusted by the Martin Act Commissioners because of the action of the respondent municipality in instituting litigation in the state courts against the report. While this argument is persuasive, it is confronted by the facts, first, that contrary to the conduct of the complainants in the New York Bay Railroad Company Case, neither the complainant in this case nor its predecessor in title at any time offered to pay the adjusted taxes; and second, the com-

plainant itself deferred paying those taxes many years by instituting its own litigation in the federal court and then, as to them, abandoning it. Thus, as to those taxes, the statutory date stood undisturbed by litigation; and, similarly, the statutory rate of interest was not disturbed and therefore should be imposed.

We are of opinion that the date from which interest on taxes from 1883 to 1907 should be computed is July 9, 1908, and the rate thereon should be the statutory rate of seven per cent. per annum. When modified in these two particulars, the decree of the District Court will be affirmed.